# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

JAMES WALLACE,                )
                              )
Petitioner,                   )
                              )
vs.                           )    No. 2:07-CV-179
                              )        (2:05-CR-67)
UNITED STATES OF AMERICA,      )
                              )
Respondent.                   )

## OPINION AND ORDER

This matter is before the Court on Petitioner/Defendant James
Wallace's Pro-se Motion Pursuant to Title 28 U.S.C. § 2255 to
Vacate, Set Aside, or Correct Sentence, by a Person in Federal
Custody, filed on June 4, 2007. For the reasons set forth below,
the motion is **DENIED.** The Clerk is **ORDERED** to enter judgment
dismissing this civil action with prejudice.


BACKGROUND

After being indicted on two counts of what is commonly know as
carjacking and one count of using or carrying a firearm during and
in relation to a crime of violence, James Wallace ("Wallace"),
plead guilty to Count 1 of the indictment. He did so in the blind,
or without the benefit of a plea agreement. Wallace was sentenced
to an 85-month term of imprisonment on Count 1 of the indictment on
June 5, 2006. On the Government's motion, the remaining counts of
the indictment were dismissed. Wallace opted not to pursue a
direct appeal. Petitioner then initiated this pro se action

seeking to vacate his conviction and sentence, citing an error in the calculation of his criminal history level and alleging ineffectiveness of his counsel at the sentencing phase.

DISCUSSION

Facts

The facts of this case are relatively simple. In sentencing Wallace, this Court adopted the PSI's determination that Wallace had a total offense level of 27 and a criminal history category of II, resulting in a sentencing guideline range of 78-97 months. Wallace received a sentence of 84 months, which was in the middle of the applicable guideline range. In choosing this term of imprisonment, this Court noted the following:

> I have gone through your file, and I find it interesting from several aspects. You have had several run-ins with the law. You don't get to a level two without doing that, but aside from that, there are several run-ins that I see in your Presentence Report. And the thing that helped you was that most of them don't have a disposition.
>
> The thing that hurts you is that you're probably getting away with things, and that gave you more confidence to keep doing it. Maybe if along the way some of these crimes had ended up in a conviction, you would have learned not to do it and you would have stopped.

Sen. Tr. Pg 8, ln. 14-24.

In determining that Wallace's criminal history category was II, the probation office noted that Wallace was on probation for an earlier car theft in Lake County at the time of the instant

offense.  Now, Wallace contends, and the Government Agrees, that he was placed on probation 14 days after the instant offense, and that his criminal history category should have been I rather than II.

Based on these facts, Wallace claims that he should be re-sentenced consistent with a criminal history level of I.  Wallace also claims that his counsel was ineffective in failing to bring the error regarding his criminal history category in the PSI to the Court's attention.


Habeas Corpus Relief

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996).  In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal.  *Id.*; *see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been

> but were not raised on direct appeal; and (3)
> constitutional issues that were not raised on
> direct appeal, unless the section 2255
> petitioner demonstrates cause for the
> procedural default as well as actual prejudice
> from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.,* 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Hains v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002)("pro se habeas petitioners are to be afforded' the benefit of any doubt'") (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to
> pro se pleadings "means that if the court can
> reasonably read the pleadings to state a valid
> claim on which the [petitioner] could prevail,
> it should do so despite the [petitioner's]
> failure to cite proper legal authority, his

-4-

> confusion of various legal theories, his poor
> syntax and sentence construction, or his
> unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 133 (10th Cir. 1999) (habeas petition from state court conviction)(alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guideline in mind.

## Issues That Should Have Been Raised on Direct Appeal

Petitioner's claim that his criminal history category was wrong should have been raised on direct appeal, but was not. Because the alleged sentencing errors are non-constitutional in nature, Petitioner's claims in this area cannot be raised for the first time in a section 2255 motion. *See Belford*, 975 F.2d at 313. For that reason alone, Petitioner's sentencing-error claim is procedurally barred.

Even if Wallace's claim was not procedurally barred, it would nonetheless fail. If the PSI had correctly reflected Wallace's criminal history level as I, his sentencing guideline range would have been 70-87 months, as opposed to 78-97 months. Considering the factors enumerated in 18 U.S.C. section 3553, this Court would have found that a sentence of 84 months was appropriate even if Wallace's criminal history level had been I.

Alternatively, based on the facts of this case, this Court

would have found that Wallace's prior criminal history warranted an upward departure of his criminal history category under U.S.S.G. section 4A1.3(a). Wallace had multiple run-ins with law enforcement, and seemed to be emboldened by them. He committed the instant offense shortly after pleading guilty to a car theft, and while on bond for that offense. This Court found that he had a high likelihood to recidivate. Accordingly, a criminal history category of I would under represent Wallace's criminal history. Again, this would have resulted in a sentencing range of 78-97 months, and this Court would have imposed a term of imprisonment of 84 months. Either way, Wallace would have received a sentence of 84 months even if the error in the PRI had been revealed.

Ineffective Assistance of Counsel at Sentencing

Petitioner asserts that his trial attorney rendered ineffective assist of counsel at the sentencing phase by failing to contest the finding in the PSI that Wallace's criminal history category is II.

The Court recognizes that claims for ineffective assistance of counsel are often not appropriate for resolution on a defendant's direct appeal and, therefore, are often properly before courts on section 2255 motions. *See Bond v. United States*, 1 F.3d 631, 635 (7th Cir. 1993). However, because Petitioner's claims for ineffective assistance of counsel at the sentencing phase do not

rely on evidence outside the record, Petitioner could have pursued these claims on direct appeal. Additionally, he has offered no explanation for his failure to bring these claims on direct appeal other than a statement that his trial counsel stated that there were no appealable issues. As such, his claims are procedurally barred. *McCleese*, 75 F.3d at 1177.

Even if the Court were to address Wallace's ineffective assistance claim, Petitioner's claim would fail because he does not demonstrate ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that counsel's performance "'fell below the objective standard of reasonableness' and 'outside the wide range of professionally competent assistance.'" *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993)(quoting *Strickland*, 466 U.S. at 690). When considering the performance prong, a court's "scrutiny of counsel's performance must be highly deferential," and the court "must indulge a strong presumption that counsel's conduct" was constitutionally adequate. *Strickland*, 466 U.S. at 689. Under the second prong, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court can resolve an ineffective assistance claim by deciding either *Strickland* prong against the defendant; the court need not consider the performance prong before the prejudice prong.

Here, Defendant cannot show prejudice because the claim lacks

merit.  As discussed above, even if his counsel had brought it to this Court's attention that the criminal history category should have been I, Wallace would have received an identical sentence.

<u>Wallace's Request for Hearing</u>

An evidentiary hearing need not be held for every section 2255 motion.  *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). As stated in *Oliver v. United States*, "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."  961 F.2d 1339, 1343 n5 (7th Cir. 1992).  Because of his or her familiarity with the evidence presented at trial, the presiding judge is uniquely suited to determine whether a hearing on a section 2255 motion is necessary.  *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989); *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).  This Court concludes that the record and history of this case demonstrate that Petitioner is not entitled to a hearing on his claim.

<u>CONCLUSION</u>

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.  The Clerk is **ORDERED** to enter judgment dismissing this civil action with prejudice.

DATED: August 28, 2008                /s/RUDY LOZANO, Judge
                                         United States District Court